UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMELIA CARDENAS,

    Plaintiff,

v.                                                                        Case No:  2:11-cv-653-Ftm-SPC

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiff Amelia Cardenas' Petition for Attorney's Fees and Affidavit with Assignment of EAJA Fee (Doc. #18) filed on March 1, 2013. The Plaintiff moves for attorney's fees as the prevailing party in her appeal of the final decision of the Commissioner under the Equal Access to Justice Act (EAJA).  However, the Plaintiff's Counsel did not confer with the Counsel for the Defense to determine if the Defendant opposed the Motion prior to filing the instant Motion.

Under the Local Rules of this District, a movant must first confer with the opposing party to determine whether or not the requested relief is opposed.  The Local Rule reads in pertinent part:

> [b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion.  A certification to the effect that opposing counsel was unavailable for a conference before

>filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

M.D. Fla. Local Rule 3.01(g). The Rule states clearly that a certification must be included in the motion stating that opposing counsel was contacted and the Parties conferred regarding the requested relief before the motion can be filed. The instant Motion does not contain a 3.01(g) certification. The Plaintiff's failure to comply with the Local Rules of the Middle District of Florida is fatal to the Motion.

Accordingly, it is now

**ORDERED:**

The Plaintiff Amelia Cardenas' Petition for Attorney's Fees and Affidavit of with Assignment of EAJA Fee (Doc. #18) is **DENIED without prejudice**. The Plaintiff may re-file the Motion after conferring in compliance with M.D. Fla. Local Rule 3.01(g).

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of March, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record