UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMELIA CARDENAS,

     Plaintiff,

v.                                    Case No:  2:11-cv-653-Ftm-SPC

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

**<u>ORDER</u>**

This matter comes before the Court on the Plaintiff, Amelia Cardenas' Motion for Attorney's Fees Under EAJA (Doc. #20) filed on March 11, 2013.  The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits. On, February 14, 2013, the Court reversed and remanded the Commissioner of Social Security's decision (Doc. # 16) under sentence four of 42 U.S.C. § 405(g). Judgment was entered on February 15, 2013 (Doc. # 17).

The Equal Access to Justice Act (hereinafter EAJA) requires a court to award a prevailing party attorney fees, costs, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, a prevailing party is a party that succeeds on "any significant claim affording it some of the relief sought" in bringing the suit. <u>Texas State Teachers Assoc. v. Garland Indep. Sch. Dist.</u>, 489 U.S. 782, 791 (1989). The Supreme Court subsequently clarified that a party who obtains a fourth sentence remand in a Social Security case is a prevailing party for EAJA purposes. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993).

In order for the Plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA) the following five (5) conditions must be established: (1) the Plaintiff must file a timely application for attorney fees; (2) the Plaintiff's net worth must have been less than two $2 million dollars at the time the Complaint was filed; (3) the Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); <u>Commissioner INS, v. Jean</u>, 496 U.S. 154, 158 (1990). The Court concludes that all five conditions of the EAJA have been met and the Defendant does not oppose the Court's finding.

EAJA fees are determined under the "loadstar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. <u>Jean v. Nelson</u>, 863 F.2d 759, 773 (11th Cir. 1988). There is a strong presumption that the resulting fee is reasonable. <u>City of Burlington v. Dague</u>, 505 U.S. 557, 562 (1992).

Determination of the hourly rate is a two-step process. First the Court determines the prevailing market rate; then if the prevailing market rate exceeds $125.00 per hour the Court determines whether to adjust the hourly rate. <u>Meyer v. Sullivan</u>, 958 F.2d 1029, 1033-1034 (11th Cir. 1992). The prevailing market rates must be determined according top rates customarily charged for similarly complex litigation, and are not limited to rates normally charged in Social Security cases. <u>Flowers v. Commissioner of Social Security</u>, 2012 WL 4815743 *1 (M.D. Fla. September 27, 2012) (*citing* <u>Watford v. Heckler</u>, 765 F.2d 1562, 1568 (11th Cir. 1985)). In this case, Plaintiff seeks fees of $180.59 per hour for work perform in 2011, $184.33 per hour for work performed in 2012, and $184.87 per hour for worked performed in 2013 for Attorney

David B. Goetz. The Court finds that the hourly rate for each year is a reasonable rate for the Fort Myers, Florida region.

The Plaintiff seeks 15.2 hours for Atty. Goetz as follows 4 hours in 2011 at $180.59 per hour for $722.36  in fees, 10.15 hours in 2012 at $184.33 per hour for $1870.95 in fees, and 1.05 hours in 2013 at $184.87 per hour for $194.11 in fees.  In all Atty. Goetz requests a total of $2,787.42 in attorney's fees.   After reviewing the record of services provided, the Court concludes that the 15.2 hours, at the above listed rates, expended on this case is reasonable. The Defendant has reviewed the petition for attorney's fees and does not object to the fees. (Doc. # 20, p. 12).  Thus, the Court finds that the attorney's fees of $2,787.42 should be paid to Atty. David B. Goetz.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Amelia Cardenas' Motion for Attorney's Fees Under EAJA (Doc. #20) is **GRANTED**.

(1)The Plaintiff's Attorney David B. Goetz is awarded attorney's fees in the amount of **$2,787.42** pursuant to the Equal Access to Justice Act.

(2) The Attorney's Fees in the amount of **$2,787.42** shall be paid directly to Attorney David B. Goetz at Gonzalez and Goetz, LLC., 200 E. Las Olas Blvd., Suite 1630, Fort Lauderdale, FL 33301.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of March, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record